**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CLAYBORNE E. CHAVERS, SR., ESQ.** ) <br> 7671 Midtown Road ) <br> Fulton, Maryland 20759 ) <br> ) <br> Plaintiff, ) <br> **v.** ) <br> ) <br> **HOWARD UNIVERSITY** ) <br> 2400 Sixth Street, NW ) <br> Washington, DC 20059 ) <br> ) <br> *Serve On:* ) <br> Resident Agent ) <br> John G. Gloster, Jr. ) <br> 2400 6th Street, N.W. ) <br> Washington, D.C. 20059 ) <br> ) <br> Defendant. ) <br> ) | Civil No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Clayborne E. Chavers, Sr., Esq. ("Plaintiff" or "Attorney Chavers"), hereby

asserts claims for copyright infringement against Defendant, Howard University ( "Defendant" or

"Howard"), and for his reasons states as follows:

**THE PARTIES**

1.      Plaintiff, Attorney Chavers, is a resident of Fulton, Maryland. He is an attorney

licensed to practice in Washington, D.C., and is the Managing Member of The Chavers Firm, LLC,

which is located on Wisconsin Avenue in Washington, D.C. Attorney Chavers is a nationally

renowned "Preeminent A/V Rated" attorney and leader in the fields of the arts & entertainment

law and civil rights, corporate diversity, and inclusion. As explained more fully below, he

conceived and is the author of a unique interdisciplinary curriculum program that he presented to

Howard, his undergraduate and law school alma mater, that Howard then copied and

misappropriated without his permission or knowledge.

2.      Attorney Chavers graduated from Howard University after returning as a Vietnam Veteran, and graduated after only two years from the College of Fine Arts, *cum laude*. He then attended the Howard University School of Law. He has engaged in a wide-ranging and highly respected legal career in the area of the arts, entertainment law, and the entertainment business for more than 40-years. Attorney Chavers established the first arts and law practice in Washington, D.C., and was featured on the cover of *Washington Lawyer Magazine* for arts in law, and he was also featured in *The Legal Times*. In 1979, he founded and was the first chair of the Arts, Entertainment, and Sports Law section of the National Bar Association (the largest section of the National Bar Association), and he has taught art and entertainment law for the D.C. Bar (including a CLE course that was the first-ever of its kind in Washington D.C.) and at numerous universities, including Temple, Georgetown, American, William & Mary, and others. Attorney Chavers is also co-founder of The Washington Volunteer Lawyers for the Arts.

3.      Attorney Chavers also was a founding member of the firm that grew to be the largest minority-owned law firm in Washington, D.C., and throughout his career has repeatedly overcome racial prejudices and barriers to achieve success. It is through that success and his vast knowledge of entertainment and business law that led Attorney Chavers to develop and author a unique and proprietary interdisciplinary Arts and Entertainment Business Legal Clinic (the "Clinic") concept. He obtained two United States Copyright Registrations for his works pertaining to the Clinic: Registration No. TX0008981687 entitled "Sports and Entertainment," and Registration No. TX0008981860 entitled "Memorandum Proposal for the Development of an Entertainment and Art Law Clinic At Howard University School of Law."

4.      Defendant Howard is a private, federally chartered historically black research

university in Washington, D.C., founded in or about 1867. It is the school that Attorney Chavers

and his wife supported in many ways and thus, is the institution that Attorney Chavers chose to

first present his unique curriculum.

5.        Howard sets a high standard for its students when it comes to academic honesty.

Its policy provides in relevant part that, "As part of Howard's community of scholars, you are

expected to hold the pursuit of learning and the search for truth in the highest regard while

displaying unquestionable integrity and honesty. There is no place for academic dishonesty,

regardless of any seeming advantage or gain that may accrue from such dishonesty. Students will

be disciplined for any intentional act(s) of dishonesty in the fulfillment of academic course or

program requirements and for intentionally representing as one's own, any ideas, writings and

works of another without acknowledging that author."

6.        Unfortunately, in the case of Attorney Chavers, Howard failed to live up to its own

standard of unquestionable integrity and honesty, and also violated applicable law, when it

misappropriated and copied salient aspects of Attorney Chavers' curriculum and launched the very

Clinic that he had conceived, presented, and copyrighted.

7.        Rather than acknowledge and agree to remedy its wrongful conduct, however,

Howard instead chose to ignore Attorney Chavers' many requests to address these issues amicably.

He therefore files this action with regret but with strong resolve to hold his to the same standards

that it requires of its students and faculty.

## JURISDICTION AND VENUE

8.        This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in

that this matter arises under the Constitution, laws, or treaties of the United States.

9.        This Court possesses personal jurisdiction over Defendant because its principal

place of business is in Washington, D.C.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because

Defendant resides in Washington, D.C., and pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Washington,

D.C.

## **FACTS**

11.     As mentioned above, Attorney Chavers has worked in all aspects of the arts and

entertainment legal field, including television deals, miniseries, book publishing, theater

production, financing, and music.

12.     It was because of this comprehensive background and his ties to Howard

University, including having graduated from the College of Fine Arts and the Howard University

School of Law, that Attorney Chavers first developed a unique and proprietary Clinic that

combined disciplines and instruction from Howard's College of Fine Arts, School of Law, and

Business School. A copy of The Entertainment and Arts Law Clinic that Attorney Chavers

conceived, authored, and registered with the U.S. Copyright Office (Reg. No. TX0008981687) is

attached hereto at **Exhibit A** (the "Copyrighted Clinic").  The Copyrighted Clinic describes an

"interdisciplinary exercise" of talent, law, and business in ways that were unprecedented at the

time. *See id.*

13.     Attorney Chavers also authored a Memorandum Proposal for the Development of

an Entertainment and Art Law Clinic at Howard University School of Law, which he also

registered with the U.S. Copyright Office (Reg. No. TX0008981860), a copy of which is attached

hereto at **Exhibit B** (the "Copyrighted Memorandum Proposal").

14.     Between 2004 and 2015, Attorney Chavers approached various Howard faculty and

leadership and presented ideas for beginning a Clinic program at Howard.

15.    During this time, Attorney Chavers provided copies of his Copyrighted Clinic and the Copyrighted Memorandum Proposal to various individuals, including those identified immediately below.

16.    Specifically, Attorney Chavers provided his Copyrighted Clinic and Copyrighted Memorandum Proposal to Dr. Wayne Frederick when Dr. Frederick was President of Howard.

17.    Attorney Chavers also discussed these documents and the Clinic with Dr. Frederick on several occasions, culminating in a meeting about the Clinic that Dr. Frederick arranged between himself, Attorney Chavers, Mrs. Chavers, and Howard's Provost, Anthony K. Wutoh.

18.    Attorney Chavers also provided his Copyrighted Clinic and Copyrighted Memorandum Proposal to Provost Wutoh, who also is Howard's Chief Academic Officer.

19.    Dr. Frederick, Mr. Wutoh, Mrs. Chavers, and Attorney Chavers met to discuss the Clinic.

20.    Attorney Chavers also provided his Copyrighted Clinic and Copyrighted Memorandum Proposal to Danielle Holley-Walker, the current Dean of the Howard University School of Law.

21.    Attorney Chavers also provided his Copyrighted Clinic and Copyrighted Memorandum Proposal to Professor Spencer H. Boyer, who is the senior-most faculty member at the Howard University School of Law. Attorney Chavers and Professor Boyer had numerous discussions about the Clinic.

22.    As a result, Professor Boyer became a strong advocate for Howard to establish the Clinic that Attorney Chavers had conceived.  To that end, Professor Boyer authored and published a work titled, "The Need for an Interdisciplinary Entertainment Law Clinic at the Howard

University School of Law," that credits Attorney Chavers with the structure and proposal for the Clinic (much of which Professor Boyer's publication incorporates). Professor Boyer called the Clinic an "imaginative and innovative approach" and a "bold, far reaching, and innovative clinic" that "is the embodiment and culmination of what is possible" at Howard.

23.     Professor Boyer's advocacy, resounding approval, and many accolades for the Clinic is significant. Professor Boyer is incredibly well respected and highly regarded. He has taught at the Howard University School of Law for more than 50 years, has served under seventeen Howard University School of Law deans and seven Howard University presidents, is one of the most senior law professors in the United States, and is the most senior African American law professor in the United States.

24.     Professor Boyer has taught many courses over his long and distinguished career, including entertainment law. Indeed, some of his former students established the Spencer H. Boyer Scholarship to be awarded to outstanding law students at the annual Black Entertainment and Sports Lawyer Association Conference. A group of Professor Boyer's former students also established the Spencer H. Boyer Annual Keynote Address to invite an outstanding lawyer in the entertainment industry to give an address at the annual Sports and Entertainment Law Student Association, one of the largest student sport and entertainment law school organizations in the country. Like Attorney Chavers, Professor Boyer has also practiced law and his clients include numerous famous clients in the sports and entertainment field.

25.     Yet, despite the excitement over his Clinic, numerous meetings regarding the Clinic organized by Howard's President and by the school's Provost, meetings with the former and current Deans of the law school, and Professor Boyer's advocacy and praise for Attorney Chavers' imaginative, innovative, and bold approach, no one from Howard followed up with Attorney

Chavers about starting the Clinic at Howard.

26.     Thus, Attorney Chavers believed that the university had decided not to pursue the Clinic and decided not to pursue the school further about it.

27.     As Attorney Chavers discovered years later, however, Howard had not dismissed, declined, or disregarded the concept and his description of the Clinic. Instead, and to Attorney Chavers' surprise and disappointment, the university moved forward with and implemented his Clinic without him.

28.     The "Howard Entertainment Clinic," as it is called by Howard, launched in 2019. Howard teamed up with Amazon Studios for the Clinic which, as the Copyrighted Clinic and Copyrighted Memorandum Proposal from Attorney Chavers state, is a two-semester program that includes hands-on internship work for students.

29.     A Howard press release announcing the launch of the Howard Entertainment Clinic states that, "'The vision of Howard Entertainment is to offer a one-of-a-kind experience for students interested in all aspects of entertainment, from project greenlighting, to PR and marketing, to entertainment law and finance,' said President Wayne A. I. Frederick, M.D., MBA. 'This relationship aligns with Howard's strategic goals of enhancing academic excellence and inspiring new knowledge.'"

30.     This statement by Mr. Frederick—who before this time had received, reviewed, and discussed Attorney Chavers' Clinic materials and vision—mirrors the core vision and key elements of Attorney Chavers' copyrighted materials. Howard even describes its clinic as "a unique interdisciplinary curriculum"—*i.e.*, the very interdisciplinary curriculum and Clinic that Attorney Chavers authored, provided to, and discussed at length with Howard's President, its Provost, two law School Deans, and the law school's most distinguished and, arguably, most

influential professor.

31.     Multiple communications from Attorney Chavers to Howard that sought to discuss and resolve these issues have been ignored.

## COUNT I
## COPYRIGHT INFRINGEMENT

32.     Attorney Chavers incorporates by reference the allegations in Paragraphs 1 through 31 of this Complaint as if stated fully herein.

33.     Attorney Chavers is the rightful owner of United States Copyright Registration Nos. TX0008981687 entitled "Sports and Entertainment," and TX0008981860 entitled "Memorandum Proposal for the Development of an Entertainment and Art Law Clinic At Howard University School of Law" (collectively, the "Copyrighted Works").

34.     Defendant copied the constituent elements of Attorney Chavers' Copyrighted Works without any license, right, or permission from Attorney Chavers, with respect to Defendant Howard Entertainment Clinic, which is substantially similar in material respects to the protected aspects of Attorney Chavers' Copyrighted Works.

35.     Defendant, prior to their copying and creation of the Howard University Clinic, had access to Attorney Chavers' Copyrighted Works.

36.      Accordingly, Plaintiff Attorney Chavers respectfully requests that the Court enter a judgment against Defendant in Attorney Chavers' favor that includes the following relief:

      A.     Temporary and permanent injunctive relief injunction pursuant to 17 U.S.C. § 502 prohibiting Defendant from continuing to offer the Howard Entertainment Clinic (or a clinic or curriculum that is similar thereto), unless and until Defendant have a license to the Copyrighted Works;

      B.     Plaintiff's actual damages, including without limitation, a reasonably

royalty imposed for the use of his Copyrighted Works;

C.      Any additional profits of Defendant attributable to their infringement and

not taken into account in computing actual damages;

D.      Statutory damages pursuant to 17 U.S.C. § 504(c), at Plaintiff's election,

including damages for Defendants' willful infringement of up to $150,000.00 per

Copyrighted Work;

E.      Plaintiff's costs and reasonable attorney's fee in pursuing this Action; and

F.      Such other declaratory relief that the Court deems necessary or just.

## TRIAL BY JURY DEMAND

Plaintiff hereby demands a trial by jury on all matters so triable.


Respectfully submitted,


_____/s/_____

Matthew G. Hjortsberg (DC Bar No. 463953)
hjortsberg@bowie-jensen.com
BOWIE & JENSEN, LLC
210 W. Pennsylvania Ave., Suite 400
Towson, Maryland 21204
(410) 583-2400
Fax: (410) 583-2437

*Counsel for Plaintiff, Clayborne E. Chavers, Sr., Esq.*